USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/28/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
AJWA' JIHAN FOR AVIATION,

                              Plaintiff,                  Case No. 1:25-cv-02244 (AT)

   -against-

CSDS ASSET MANAGEMENT, LLC,               **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANALISA TORRES, District Judge:

WHEREAS, the parties having agreed to the following terms of confidentiality and jointly request that this Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality of nonpublic information that they may need to disclose in connection with discovery in this action;

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order in this action,

IT IS HEREBY ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

    1.     Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action, including any pre- or post-judgment proceedings, attachment and asset recovery efforts, or other proceedings or matters arising from or relating to the same underlying facts or transactions.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The parties and their counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts retained by counsel to assist in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. Designated officers or employees of a party whose access is reasonably necessary for evaluating, responding to, or making strategic decisions concerning the litigation;

   e. The Court and Court personnel (including a mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

   f. Third parties engaged by Plaintiff to assist in enforcing the Court's Writ of Attachment, conducting asset recovery, or executing a judgment, including, but not limited to, investigators, asset-tracing professionals, and enforcement officers.

5. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only," and no such designation shall be effective absent stipulation or Court order.

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation, including any pre-judgment attachment, post-judgment enforcement or asset recovery efforts, and has enjoined the disclosure of the information or documents to any other person; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information, provide that such designation is made promptly upon discovery of the oversight and with written notice to the receiving party. Upon such notice, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order, except that no party shall be deemed to have violated this Order for disclosures made prior to receipt of such notice.

8. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. The producing party shall clearly designate PII at the time of production. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure, provided such failure was not the result of the producing party's own error or omission.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject

to further appeal) returned to the producing party or, upon permission of the producing party, destroyed. Notwithstanding the foregoing, a receiving party may retain copies of Confidential Information to the extent reasonably necessary to comply with applicable law, enforce a judgment, or respond to actual or anticipated obligations arising from related or ancillary legal, regulatory, disciplinary, or criminal proceedings, including inquiries by bar authorities or law enforcement agencies. Any retained materials shall remain subject to the terms of this Stipulation and Order.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena, or in connection with any post-judgment enforcement action, regulatory inquiry, or criminal investigation. The receiving party shall, to the extent permitted by law, provide prompt notice to the producing party prior to such disclosure to allow for the opportunity to object or seek a protective order, except where such notice is prohibited or impracticable.

**SO STIPULATED AND AGREED.**

Dated: April __25__, 2025
New York, New York

| **TOPTANI LAW PLLC** | **BOND, SCHOENECK & KING, PLLC** |
|---|---|
| By: /s/ Edward Toptani | By: /s/ Jeremy M. Sher |
| Edward Toptani, Esq. | Jeffrey F. Allen, Esq. |
| 375 Pearl Street, Suite 1410 | Jeremy M. Sher, Esq. |
| New York, New York 10038 | 350 Linden Oaks, Third Floor |
| (212) 699-8930 | Rochester, New York 14625 |
| edward@toptanilaw.com | jeffreyallen@bsk.com |
| | jsher@bsk.com |

Dated: _____April 28_____, 2025          **SO ORDERED.**

_____
HON. ANALISA TORRES
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
AJWA' JIHAN FOR AVIATION,

                Plaintiff,          Case No. 1:25-cv-02244 (AT)

  -against-

                                                   **NON-DISCLOSURE**
CSDS ASSET MANAGEMENT, LLC,             **AGREEMENT**

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, including any related post-judgment enforcement or asset recovery proceedings, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or with the express written permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____, 2025

_____
Name   (printed)

Signed in the presence of:

                                                       _____
                                                       Signature

                                                       _____
                                    (Attorney for Party Receiving Confidential Information)